Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| LUIS ALFREDO LÓPEZ GONZÁLEZ, *ET AL.* Apelada v. AUTORIDAD METROPOLITANA DE AUTOBUSES Apelante | KLAN202400270 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan Caso Núm. SJ2021CV01717 Sobre: Reclamación de Horas Extras, Procedimiento Sumario Bajo Ley 2 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de enero de 2025.

Comparece la Autoridad Metropolitana de Autobuses (AMA o parte apelante), solicitando la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI), el 7 de marzo de 2024, sobre reclamación de pago de horas extras. A través de dicho dictamen, el foro primario declaró *Ha Lugar* una solicitud de sentencia sumaria presentada por Luis Alfredo López González y otros (parte apelada).[1] Al así decidir, el foro primario reconoció que existía un balance de horas extras trabajadas en favor de la parte apelada que no había sido pagado por la AMA, por lo que ordenó a este último que procediera a efectuar el pago de lo debido.

---

[1] La parte apelada está compuesta por un grupo de empleados de la AMA: Jesús Hiraldo Carrasquillo, Nelson Figueroa Andújar, Jesús M. Velázquez Encarnación, Selma Torres Quiles, David Acevedo Vázquez, Edwin Cedeño Montañez, Geovannie López Ortiz, Pedro Velázquez Rodríguez, Daniel Arroyo Hernández, William Vargas Román y Hugo L. Santos Jurado.

NÚMERO IDENTIFICADOR

SEN2025_____

Luego de examinar los asuntos planteados por las partes, hemos decidido *Revocar* el dictamen apelado.

## I. Resumen del tracto procesal

El 17 de marzo de 2021 la parte apelada presentó una *Querella* contra la AMA, acogiéndose al procedimiento sumario provisto por la Ley Núm. 2 del 19 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961). En síntesis, esgrimió que la AMA le adeudaba no menos de cinco mil dólares ($5,000.00) a cada uno de los que componían la parte apelada, por concepto de horas trabajadas en exceso de la jornada diaria y/o semanal, y del periodo de alimentos, conforme a: la Ley Núm. 379 de 15 de mayo de 1948, conocida como la Ley para Establecer la Jornada de Trabajo en Puerto Rico, 29 LPRA sec. 271 *et seq.* (Ley Núm. 379-1948); la Sec. 207(o)(3)(A) de la *Fair Labor Standard Act* (FLSA) y; el Art. 2.09 de la Ley 26 del 29 de abril de 2017, 3 LPRA sec. 9479, (Ley Núm. 26-2017).

Por su parte, la AMA presentó *Contestación a Querella* el 5 de abril de 2021. En el referido escrito levantó como defensa que los apelados, al ser empleados no exentos y no unionados, carecían del derecho a cobrar las horas trabajadas en exceso de su jornada regular, sino que debían acumularlas en tiempo compensatorio. A su vez, sostuvo que, en todo caso, el tiempo compensatorio reclamado debía ser disfrutado en un periodo de seis (6) meses a partir de la fecha en que se trabajasen las horas extras o, de lo contrario, lo perderían. Además, adujo que la causa de acción se encontraba prescrita. A ello se unía que el empleado que solicitara remuneración por el exceso de horas trabajadas tenía que demostrar que contaba con la autorización previa del supervisor y de la autoridad nominadora. Por lo tanto, concluyó que no estaba obligada a pagar a la parte apelada por el alegado tiempo compensatorio aducido.

Luego de varios trámites procesales, el 24 de octubre de 2021, la AMA presentó una primera *Solicitud de Sentencia Sumaria Parcial.* Solicitó la desestimación sumaria de la causa de acción por el cobro de horas extras, aduciendo que, en virtud del Art. 2.09 de la Ley Núm. 26-2017, *supra,* la parte apelada no tenía derecho a tal reclamación, puesto que no eran empleados unionados, y solo los empleados unionados tenían derecho al pago por los servicios prestados fuera de su jornada regular.

En respuesta, la parte apelada instó una *Oposición a Solicitud de Sentencia Sumaria.* En esta reiteró y elaboró sobre la afirmación de que su derecho a recibir el pago de las horas extras trabajadas en exceso de sus jornadas laborales dimanaba de la Ley Núm. 379-1948, *supra*; Sec. 207(o)(3)(A) de FLSA; y del Art. 2.09 de la Ley Núm. 26-2017.

Ante lo cual, el 18 de marzo de 2022, el TPI emitió una *Resolución* resolviendo que la parte apelada no estaba cobijada por la Ley Núm. 379-1948, *supra.* Por otra parte, el mismo foro primario dirimió que los empleados unionados no eran los únicos con derecho a recibir el pago por horas extras trabajadas en exceso de sus jornadas laborales, sino que la Ley Núm. 26-2017, *supra,* les proveía el mismo remedio a los empleados no unionados. Sin embargo, concluyó que existía controversia sobre el tiempo extra que la parte apelada alegaba que trabajó, y que ello debía ser ventilado en un juicio en su fondo.[2]

Posteriormente, el 13 de octubre de 2022, la AMA presentó una segunda *Moción de Sentencia Sumaria Parcial.* Esta vez, adujo que el término prescriptivo aplicable a la reclamación de la parte apelada era el de seis (6) meses, a tenor con lo dispuesto en el Artículo 2.09 de la Ley Núm. 26-2017. En consecuencia, sostuvo que el derecho de la parte

---

[2] Inconforme, la AMA presentó un recurso de *certiorari* ante nos, que fue identificado con el alfanumérico KLCE202200362. No obstante, el 4 de mayo de 2022, este Foro intermedio emitió una *Resolución* desestimándolo, por falta de jurisdicción, porque el proceso sumario establecido en la Ley Núm. 2-1961, *supra,* nos impedía revisar un dictamen interlocutorio.

apelada, si alguno, se limitaría a las horas trabajadas en exceso de su jornada regular durante el término de seis (6) meses previos a la presentación de la *Querella*, y por los seis (6) meses previos a la fecha en que adviniera final y firme la sentencia del caso.

En desacuerdo, la parte apelada presentó la correspondiente *Oposición a Solicitud de Sentencia Sumaria Parcial*. Arguyó que la Sección 2.09(2) de la Ley Núm. 26-2017 ordena que el tiempo compensatorio se disfrute en seis (6) meses, sin embargo, si tal disfrute no ocurriere dentro del referido término, entonces, por mandato de la Sección 207(o)(3)(A) del FLSA, las horas extras tendrían que pagarse, pues no podrían disfrutarse como tiempo compensatorio.

Luego de examinar las mociones presentadas por las partes, el 2 de noviembre de 2022, el TPI emitió una *Sentencia Parcial* en la que declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por la AMA, disponiendo sobre la alegada prescripción de la causa de acción. Sobre ello determinó que el término prescriptivo para reclamar el pago de horas extras conforme al Artículo 2.09 de la Ley Núm. 26-2017, *supra,* era de seis (6) meses previos a la presentación de la *Querella*. Así pues, al instarse la *Querella* el 17 de marzo de 2021, desestimó las reclamaciones por horas extras trabajadas por el periodo de tiempo transcurrido entre el 17 de marzo de 2018, hasta el 16 de septiembre del 2020, al identificarlas como prescritas.

A pesar del TPI haber resuelto favorablemente la moción dispositiva instada por la AMA, esta parte acudió ante nosotros de dicho dictamen para plantearnos un asunto de derecho. Evaluada la controversia, decidimos confirmar el dictamen apelado, al juzgar que el TPI no había dispuesto aun sobre el asunto en el que la AMA pretendía que interviniéramos.[3]

---

[3] El recurso fue identificado con el alfanumérico KLAN202200887.

Superado lo anterior, el 5 de noviembre de 2022, esta vez fue la parte apelada la que presentó una *Moción de Sentencia Sumaria Parcial o Total.* En su contenido, la parte apelada propuso varios hechos como incontrovertidos, para entonces aseverar que había dos asuntos litigiosos que podían resolverse, parcial o totalmente, mediante un dictamen sumario. El primero de ellos era **si las horas extras trabajadas por la parte apelada, y cuyo pago se reclama, fueron debidamente autorizadas y aprobadas por el patrono (AMA)**. El segundo, precisar cuántas horas extras no pagadas tenía acumuladas la parte apelada, conforme a un presunto reconocimiento hecho por la AMA a tales efectos, junto a la determinación sobre prescripción antes efectuada por el foro de instancia. En la alternativa, esgrimió que, en caso de que se concluyera que existía controversia sobre la cantidad de horas extras cuyo pago debía efectuarse por la AMA, solicitó que se dictase sentencia sumaria parcial determinando que esta última tenía la obligación de pagar todas las horas extras acumuladas por la parte apelada, que no estuviesen prescritas.

Al cabo de varias incidencias procesales, el 10 de octubre de 2023, la AMA presentó un escrito intitulado *Oposición a Moción de Sentencia Sumaria Parcial o Total y en Solicitud de Desestimación.* En el referido escrito afirmó que el Foro primario estaba imposibilitado de dictar una sentencia sumariamente en este caso a favor de la parte apelada, por cuanto los empleados no habían probado mediante preponderancia de la prueba que las horas reclamadas le fueron aprobadas y autorizadas por sus supervisores, conforme dispone la Ley Núm. 26-2016, *infra*, y una mera alegación no es suficiente para establecer dicho hecho.

Luego, el 20 de octubre de 2023, la parte apelada presentó una *Réplica a Oposición a Moción de Sentencia Sumaria del 3 de noviembre de 2023.* En esta solicitó que se reconociera que: (1) los empleados no exentos de las corporaciones públicas tenían derecho al pago de tiempo extra desde

la primera hora trabajada; (2) dicho pago correspondía, también, por exceso de las primeras 240 horas y 480 horas, pues estas no se perdían, sino que se tenían que pagar después de que el empleado hubiese cesado en sus labores en el empleo; (3) el pago de tiempo extra desde la primera hora trabajada, en lugar de acumulación de tiempo compensatorio, como permite el FLSA, no impedía lo que dispone la última oración de la Sección 2.09 (2) de la Ley Núm. 26-2017, pues el referido estatuto federal le permite a los estados, incluyendo a Puerto Rico, a conceder más derechos.

Considerados los planteamientos de las partes, el 7 de marzo de 2024,[4] el TPI dictó la *Sentencia* cuya revocación nos solicita la AMA, declarando *Ha Lugar* la *Moción de Sentencia Sumaria Parcial o Total* instada por la parte apelada, disponiendo así de la totalidad de las controversias ante su consideración. Según indicamos en el párrafo introductorio, al acoger la moción dispositiva presentada por la parte apelada, el tribunal *a quo* ordenó a la AMA a pagar a la parte apelada las horas extras trabajadas que no estaban prescritas al momento de la radicación de la *Demanda*. En lo referente a los hechos que el foro apelado encontró como incontrovertidos, fueron enumerados los siguientes:

1. La AMA es una corporación pública del Gobierno de Puerto Rico, creada al amparo de la Ley Núm. 5 de 11 de mayo de 1959, según enmendada, conocida como "Ley de la Autoridad Metropolitana de Autobuses".

2. Que todos los querellantes son empleados exentos de la AMA.

3. Que todos los querellantes reclaman el pago de horas extras trabajadas a la AMA.

4. Que la AMA ha registrado en su sistema oficial horas extras trabajadas por cada uno de los querellantes, reflejando los balances existentes acorde a los años 2018, 2019, 2020 y 2021.

5. Que las horas extras acumuladas que corresponden al balance con derecho a reclamación abarca solo a los seis (6) meses previos a la presentación de la *Querella,* en específico,

---

[4] Notificada el 11 de marzo de 2024.

desde el 17 de septiembre de 2020 hasta el 17 de marzo de 2021.

6. **Que todas las horas extras trabajadas por los querellantes, fueron aprobadas y autorizadas por la AMA, en cumplimiento con los requisitos aplicables para ello.**

7. Que los empleados no exentos tienen derecho al pago de horas extras trabajadas como empleados unionados.

(Énfasis provisto).

Inconforme con la determinación del foro de instancia, la AMA acude ante nosotros a través del presente recurso de *Apelación,* señalando los siguientes errores:

PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL O TOTAL PRESENTADA POR LA PARTE APELADA CUANDO EXISTEN ASUNTOS MEDULARES EN CONTROVERSIA QUE IMPEDÍAN QUE EL TPI DISPONGA DE ELLOS SUMARIAMENTE.

SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR COMO UN HECHO DEL QUE NO EXISTE CONTROVERSIA EN CUANTO A QUE LOS APELADOS TIENEN DERECHO AL PAGO POR HORAS TRABAJADAS EN EXCESO DE SU JORNADA LABORAL, DESDE LA PRIMERA HORA TRABAJADA EN VIRTUD DEL ARTÍCULO 2.09 DE LA LEY NÚM. 26-2017.

TERCER ERROR: ERRÓ EL TPI AL COMPUTAR UNOS BALANCES DE HORAS EXTRAS ALEGADAMENTE TRABAJADAS POR LOS APELADOS CUANDO PARA LA FECHA DE PRESENTADA LA SOLICITUD DE SENTENCIA SUMARIA DE LOS APELADOS DICHOS BALANCES NO ERAN FINALES Y FIRMES, CONFORME LO ADMITIÓ LA PROPIA PARTE APELADA.

CUARTO ERROR: ERRÓ EL TPI AL RESOLVER SUMARIAMENTE QUE LOS APELADOS CONTABAN CON LA AUTORIZACIÓN Y APROBACIÓN PREVIA DE LA AMA, PARA TRABAJAR HORAS EXTRAS RECLAMADAS SIN QUE SE PRESENTARA EVIDENCIA ALGUNA DE ELLO.

Habiéndose presentado *Alegato de la parte apelada*, estamos en posición de resolver.

## II. Exposición de Derecho

### A. Sentencia Sumaria

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, regula la sentencia sumaria. El Tribunal Supremo ha dicho que el propósito de este

mecanismo procesal es resolver de manera rápida los litigios civiles en los que no exista una controversia de hechos real o sustancial sobre algún hecho material que requiera la celebración de un juicio en su fondo. *Zambrana García v. ELA*, 204 DPR 328, 341 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). Se considera un hecho material aquel que, de acuerdo con el derecho aplicable, puede alterar la forma en que se resuelve un caso. *Zambrana García v. ELA,* supra; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015).

La sentencia sumaria "vela adecuadamente por el balance entre el derecho de todo litigante a tener su día en corte y la disposición justa, rápida y económica de los litigios civiles". *Ramos Pérez v. Univisión*, 178 DPR 200, 220 (2010). Por lo tanto, el principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que si se utiliza de manera inadecuada puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013).

### B. Función revisora del foro apelativo con respecto a la sentencia sumaria dictada por el foro primario

En el caso de revisar sentencias del Tribunal de Primera Instancia dictadas mediante el mecanismo de sentencias sumarias o resolución que deniega su aplicación, este foro intermedio se encuentra en la misma posición que el foro primario para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 115. Los criterios que debemos seguir al atender la revisión de una sentencia sumaria dictada por el Foro de instancia han sido enumerados con exactitud por nuestro Tribunal Supremo. *Íd.*, a las págs. 118-119; *Roldán Flores v. M. Cuebas et al.*, a la pág. 679. A tenor, el Tribunal de Apelaciones debe:

1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;
2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;
3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;
4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, a la pág. 679.

Sin embargo, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras: (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra, a la pág. 118. El primer punto se enfoca en el principio de que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. *Íd.,* a la pág. 115, citando a *Vera v. Dr. Bravo*, 161 DPR 308, 334–335 (2004). Por su parte, el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlas. *Íd.*

A tenor, la Regla 36.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, especifica los requisitos de forma que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En suma, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. *Íd.* Ahora bien, "**resulta esencial que de la prueba que acompaña la solicitud de sentencia**

**sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso**". *Cruz Cruz v. Casa Bella Corp.*, 2024 TSPR 47, 213 DPR ___; *Zambrana García v. ELA*, supra, a la pág. 341-342; *Jusino et al. v. Walgreens*, 155 DPR 560, 577 (2001).

En contraste, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3 de las de Procedimiento Civil, *supra.* De aquí que la parte que se opone a que se dicte sentencia sumaria no puede descansar exclusivamente en sus alegaciones ni tomar una actitud pasiva. *Toro Avilés v. P.R. Telephone Co.,* 177 DPR 369, 383 (2009). Por el contrario, debe controvertir la prueba presentada por la parte solicitante, a fin de demostrar que sí existe controversia real sustancial sobre los hechos materiales del caso en cuestión. *González Aristud v. Hosp. Pavía,* 168 DPR 127, 138 (2006). Ello se puede lograr a través de contradeclaraciones juradas y contradocumentos que pongan en entredicho los hechos presentados por el promovente. *Ramos Pérez v. Univisión P.R., Inc.,* supra, a la pág. 215, citando a *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

En el caso de que se opte por presentar declaraciones juradas para sostener u oponerse a la moción, la Regla 36.5 de Procedimiento Civil, 32 LPRA Ap. V, R.36.5, establece que deben basarse en el conocimiento personal del o de la declarante. Además, contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que quien declara está cualificado para testificar en cuanto a su contenido. *Íd.* En concordancia con ello, el Tribunal Supremo ha resuelto que "**las declaraciones juradas que contienen solo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo**

**tanto, insuficientes para demostrar la existencia de lo que allí se concluye**". *Roldán Flores v. M. Cuebas,* supra, a la pág. 677, citando a *Ramos Pérez v. Univisión,* supra, a la pág. 216; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, a la pág, 722.

Al considerar una moción de sentencia sumaria, si la parte promovida no controvierte los hechos que presente la parte promovente, los mismos se tendrán por ciertos. *Díaz Rivera v. Srio. de Hacienda,* 168 DPR 1, 27 (2006). Así, nuestro más alto foro ha establecido que, "a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve". *Meléndez González, et al. v. M. Cuebas,* supra, a la pág. 137; Reglas 36.3(c) y 36.3(d) de Procedimiento Civil de 2009, *supra.*

Sin embargo, "toda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a ésta". *ELA v. Cole,* 164 DPR 608, 626 (2005). Por ello, **cuando exista la más mínima duda o controversia sobre hechos materiales o esenciales del caso, el tribunal denegará la sentencia sumaria y deberá celebrar un juicio en su fondo**. *Díaz Rivera v. Srio. de Hacienda,* supra, pág. 27. Ello debe ser visto a la luz de que **la mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria ... cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente**". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012) (Énfasis provisto).

### C. Ley 26-2017

La Ley de Cumplimiento con el Plan Fiscal, 3 LPRA sec. 9461 *et seq.,* Ley Núm. 26 de 29 de abril de 2017, (Ley Núm. 26-2017), fue creada *a los*

*fines de tomar medidas necesarias para atemperar el marco legal y jurídico existente para dar el más fiel cumplimiento al Plan Fiscal aprobado por la Junta de Supervisión Fiscal creada al amparo de la Ley Federal PROMESA.*

En su *Exposición de Motivos* el estatuto citado dispuso lo siguiente:

> Puerto Rico enfrenta un momento histórico en el que necesita la colaboración de todos los sectores en la adopción de soluciones inmediatas que contribuyan en su restauración económica. La presente Ley atiende de manera responsable y justa la ausencia de uniformidad entre nuestros empleados públicos en cuanto a los beneficios marginales de los que podrán disfrutar durante este periodo crítico de la economía local. No existe justificación alguna para mantener, durante estos próximos años previos a la recuperación fiscal, una brecha tan profunda entre los beneficios marginales que disfrutan los empleados públicos de algunas agencias del gobierno y los que disfrutan los empleados públicos de las corporaciones públicas. En algunas corporaciones públicas sus empleados se benefician del doble y del triple de los beneficios que ostentan los empleados del gobierno central sin que ello responda a la realidad económica que vive Puerto Rico. Peor aún, al así actuar se crea una desigualdad entre los empleados públicos beneficiando a unos pocos al costo de otros muchos. Además, los costos de estas medidas dispares hacen insostenible su cumplimiento en este periodo y el mantenimiento de los empleos públicos. **Por ello, esta Legislatura entiende prudente tomar acciones que conlleven ahorros y nos permitan mantener a todos los empleados públicos sin despidos.** (Énfasis provisto).

Cónsono con lo cual, el Art. 2.03 de la Ley Núm. 26-2017 declara como política pública del Gobierno de Puerto Rico, *la disciplina, control y reducción de gastos en las agencias, instrumentalidades, departamentos y corporaciones públicas,* procurando un *balance justo entre los objetivos de cumplir con el Plan Fiscal certificado y el interés de preservar la justicia social que enmarcan la protección de los beneficios que reciben nuestros trabajadores del sector público.* 3 LPRA Sec. 9473. A estos efectos, y en lo pertinente, en el primer inciso de su Artículo 2.08 el estatuto citado establece que:

> 1. El programa de trabajo de cada agencia o instrumentalidad pública se formulará de tal manera que se reduzca al mínimo la necesidad de trabajo en exceso de jornada regular establecida en la agencia o instrumentalidad pública para los empleados. No obstante, **por razón de la naturaleza especial de los servicios a prestarse, la necesidad de los servicios para proteger y preservar la vida y propiedad de los ciudadanos, por cualquier situación de emergencia, por eventos de fuerza mayor, disturbios atmosféricos, situaciones imprevistas o de mantenimiento necesarias para dar continuidad a un servicio esencial, se podrá requerir a los empleados que presten servicios en exceso de su jornada de trabajo, diaria o semanal, o en cualquier día en que**

> **se suspendan los servicios sin cargo a licencia por el Gobernador. En estos casos, deberá mediar una autorización previa del supervisor del empleado, la cual deberá ser aprobada por la autoridad nominadora o por aquel funcionario en quien éste delegue**. **Los supervisores deberán tomar medidas para que cuando un empleado permanezca trabajando sea siempre a virtud de una autorización expresa**.
>
> (Énfasis provisto).

## III. Aplicación del Derecho a los hechos

a.

Indicamos en la exposición de derecho que nuestra revisión de la determinación del TPI sobre la moción de sentencia sumaria y su oposición acontece *de novo*. Por lo cual, estamos en igual posición que el TPI para aquilatar tales mociones y la prueba documental incluida, salvando lo exceptuado por el Tribunal Supremo en *Meléndez González et al. v. M. Cuebas*, supra. De conformidad, nos corresponde evaluar en primer término si tanto la moción de sentencia sumaria, como su oposición, acataron las formalidades establecidas en la Regla 36.3(a) y (b) de Procedimiento Civil, *supra*.

Como resultado de dicho análisis, concluimos que ambas partes cumplieron sustancialmente con las formalidades requeridas por la aludida Regla, lo que nos coloca en posición de atender el aspecto sustantivo. Adelantamos, sin embargo, que, evaluada la prueba documental a nuestra disposición, juzgamos que existen hechos medulares que continúan en controversia y nos impiden dictar sentencia sumariamente. Veamos.

En su petición de sentencia sumaria, la parte apelada propuso la siguiente relación de hechos como medulares e incontrovertidos:

> 1. Que la AMA es una corporación pública. Véase Ley 5 del 11 de mayo de 1959, según enmendada, particularmente en su Artículo 2(a); 23 L.P.R.A. § 602 (a); y Artículo 3(a) 23 L.P.R.A. § 603 (a).
>
> 2. Que todos los querellantes son empleados NO EXENTOS de la AMA. (Véase Anejo A; A-1 a A-12.)
>
> 3. Que todos los querellantes reclaman el pago de horas extras a la AMA. (Véase Anejo B; B-1 a B-12, en sus respectivos párrafos número 2.)

4. Que todas las horas extras trabajadas por los querellantes, fueron aprobadas y autorizadas por la AMA, cumpliéndose con los requisitos aplicables para ello. (Véase Anejo B; B-1 a B-12, en sus respectivos párrafos número 4.)

[5.] Que la AMA ha registrado en su sistema oficial todas las horas extras trabajadas por cada uno de los querellantes, reflejando dicho sistema los balances existentes al 30 de junio de 2021 ó 2 de julio de 2021) que aparece en la propia documentación provista por la AMA. (Véase Anejo C; C-1 a C-12).

[6.] Los querellantes están conformes con los balances informados por la AMA. (Véase el Anejo B; B-1 a B-12, en sus respectivos párrafos número 3 y número 5). Anejo 16, págs. 281-292 del Apéndice del recurso.

Examinados los documentos con los que las partes acompañaron la petición de sentencia sumaria y su oposición, respectivamente, concluimos que no existe controversia sobre los primeros tres hechos propuestos como tales por la parte apelada. Esta conclusión se alcanza con facilidad al comprobar que dichos tres hechos propuestos por la parte apelada fueron admitidos como incontrovertidos por la propia AMA en su *Oposición a Moción de Sentencia Sumaria Parcial o Total y en Solicitud de Desestimación*[5], y así se hizo formar parte de las determinaciones de hechos de la *Sentencia Parcial* apelada.

Sin embargo, la conclusión es distinta al verificar el cuarto hecho propuesto como incontrovertido en la *Moción de Sentencia Sumaria.* En específico, la parte apelada aseveró en este que *todas las horas extras trabajadas por los querellantes, **fueron aprobadas y autorizadas por la AMA, <u>cumpliéndose con los requisitos aplicables para ello</u>**.*[6] (Énfasis y subrayado provistos). Tal aseveración fue impugnada por la AMA en su *Oposición a Sentencia Sumaria*, al afirmar que la prueba documental que la parte apelada había presentado para sustentar tal hecho propuesto no sostenía que las horas reclamadas por los empleados **hubiesen sido aprobadas y autorizadas por sus superiores**, **lo que resultaba contrario al requisito que a esos efectos impone la Ley Núm. 26-2017**, *supra.*

---

[5] Apéndice del *recurso de apelación*, pág. 453.
[6] *Íd.*

Al considerar lo anterior, cabe repetir que el Art. 2.09 de la Ley Núm. 26-2017, que regula la remuneración del trabajo en exceso a la jornada regular, inicia identificando como un principio rector **que se reduzca al mínimo la necesidad de trabajo en exceso de jornada regular establecida**. En este sentido, la reducción de gastos al fisco está directamente atada a la reducción en la autorización del trabajo en exceso de jornada regular, de modo que se controle el pago a tales efectos. Identificado el propósito de la legislación bajo examen, nuestra interpretación judicial *debe propiciar la realización de dicho objetivo. Díaz Marín v. San Juan*, 117 DPR 334, 342 (1986).

Con el propósito de alcanzar el objetivo de ahorro al fisco aludido, el Art. 2.09 de la Ley Núm. 26-2017 impone al menos dos requisitos o condiciones para que los empleados cualifiquen para el pago de horas extras, veamos. Primero, el artículo citado autoriza el pago de horas extras cuando acontezcan unas *circunstancias excepcionales* en las que sea necesario que algunos empleados presten sus servicios en exceso de su jornada de trabajo, diaria o semanal, o en cualquier día en que se suspendan los servicios, sin cargo a licencia por el Gobernador. Tales *circunstancias excepciones* son la siguientes: por razón de la naturaleza especial de los servicios a prestarse, la necesidad de los servicios para proteger y preservar la vida y propiedad de los ciudadanos, por cualquier situación de emergencia, por eventos de fuerza mayor, disturbios atmosféricos, situaciones imprevistas o de mantenimiento necesarias para dar continuidad a un servicio esencial. De aquí que **el trabajo en exceso de la jornada regular debe justificarse <u>en una necesidad especial</u> que se ajuste a alguno de los supuestos mencionados en la oración que precede**. Artículo 2.09 de la Ley Núm. 26-2017. Dicho de otro modo, **de no acontecer una de las *circunstancias excepcionales* mencionadas, el**

**estatuto no permite que se autorice a los empleados a prestar sus servicios en exceso de la jornada de trabajo**.

La segunda condición que el artículo bajo examen impone para que el empleado pueda trabajar en exceso de su jornada, es que **debe mediar una autorización previa del supervisor del empleado, la cual deberá ser aprobada por la autoridad nominadora o por aquel funcionario en quien éste delegue**. A raíz de lo cual, el propio Art. 2.09 aludido exige que los supervisores que tomen medidas para que cuando un empleado permanezca trabajando (horas extras) **sea siempre en virtud de una autorización expresa**.

Reiteramos que la imposición de las condiciones resaltadas para que los empleados siquiera puedan reclamar el pago de horas extras resulta cónsona con el principio de control de gasto fiscal que permea, dirige y origina la aprobación de la Ley Núm. 26-2017, *supra*.

A partir de las condiciones contenidas en el Art. 2.09(1), según explicadas, la parte promovente de la sentencia sumaria estaba llamada a sustentar mediante la prueba documental incluida que: (1) las funciones realizadas por las cuales solicitó el pago de horas extras enmarcaban en algunas de las circunstancias excepcionales mencionadas; (2) los empleados contaban con la autorización expresa de un supervisor con aprobación de la autoridad nominadora de la AMA para trabajar las horas en exceso de su jornada laboral regular.

Sin embargo, el escudriñar la moción de sentencia sumaria de la parte apelada, por una parte: (1) ninguna información podemos encontrar sobre cuáles funciones realizaron los empleados por las que reclamaron el pago de horas extras, de modo que cupiera ubicarlas en algunas de las circunstancias excepcionales autorizadas por la legislación a esos fines; (2) la parte apelada se valió de una serie de declaraciones juradas para establecer la presunta autorización previa de sus supervisores para

trabajar horas extras, que, al examinar su contenido, resultan insuficientes.[7] Es decir, la parte apelada pretende que tomemos como concluyentes unas declaraciones genéricas incluidas en las referidas declaraciones juradas, hechas por los propios empleados, no sus supervisores, a los fines de que contaron con las autorizaciones de sus supervisores para trabajar horas extras.[8] La afirmación de la parte apelada en términos de haber contado con la aprobación de las horas extras por sus supervisores, no puede sustentarse con declaraciones juradas que contienen solo conclusiones a tales efectos, **sin hechos específicos que las apoyen**.

Abundando, el expediente ante nosotros no contiene prueba documental de índole alguna de donde surja una declaración de un supervisor o supervisores de la parte apelada autorizando las labores en exceso de la jornada laboral regular. En la misma tónica, de la prueba documental incluida por la parte apelada para establecer el hecho bajo examen, **ni siquiera se puede discernir quiénes eran los supervisores a cargo de aprobar las horas por tiempo extra trabajadas por cada empleado de los que constituyen la parte apelada, el proceso administrativo que seguir para ello, mucho menos que contaran con tal autorización**. Visto el claro mandato al respecto que surge del Art. 2.09(1) de la Ley Núm. 26-2017, *supra*, la prueba documental presentada para sostener este hecho esencial nos resulta insuficiente en derecho, y por ello estamos impedidos de reconocerlo como *incontrovertido*.

En consecuencia, el primer y cuarto error señalados por la AMA en el recurso de apelación fueron cometidos.

---

[7] Apéndice del *recurso de apelación*, págs. 296-316.

[8] Según lo revela el Anejo B; B-1 a B-12, en las referidas declaraciones juradas se afirmó lo siguiente "4. [q]ue dichas horas extras fueron trabajadas por mí, siendo aprobadas y autorizadas por la autoridad nominadora de la AMA, habiéndose cumplido con todos los requisitos establecidos a tales efectos por ley y reglamento".

El análisis que precede no debe ser confundido con el hecho propuesto como incontrovertido en la *Moción de Sentencia Sumaria* enumerado nuevamente como cuatro (4), aunque correspondiera realmente el número cinco (5),[9] el cual sí juzgamos como incontrovertido. En concreto, mediante el referido hecho se propuso como incontrovertido lo siguiente: *[q]ue la AMA ha registrado en su sistema oficial todas las horas extras trabajadas por cada uno de los querellantes, reflejando dicho sistema los balances existentes al 30 de junio de 2021 ó 2 de julio de 2021 que aparece en la propia documentación provista por la AMA.*[10] Queda esto incontrovertido en el limitado propósito que el contenido del documento aludido prescribe.

Con todo, valga apuntar que la AMA arguyó en su *Oposición a Sentencia Sumaria,* que los balances contenidos en la certificación aludida no corresponden al de las horas que tendría derecho a reclamar la parte apelada, puesto que fueron incluidas horas extras que están prescritas, según ya fue establecido en la *Sentencia Parcial* emitida por el TPI el 2 de noviembre de 2022.[11] En lo referente al tema de la defensa de prescripción alzada por la AMA, tal argumentación es propiamente referente a un asunto de derecho, antes que la impugnación de un hecho. De todos modos, lo cierto es que ese asunto de derecho ya fue adjudicado por el TPI, determinando que el término prescriptivo para solicitar el pago de horas extras conforme el Artículo 2.09 de la Ley Núm. 26-2017, es de seis (6) meses.

Finalmente, al verificar el sexto (6) hecho propuesto como incontrovertido, aunque erróneamente enumerado con el cinco (5), (que debió identificarse como número 6, por la razón ya explicada), se propuso

---

[9] A todas luces, en la *Moción de sentencia sumaria* se cometió un error tipográfico, identificando el hecho propuesto como (4) a pesar de corresponder el (5). Es decir, en la *Moción de sentencia sumaria* se repitió el cuatro (4) al enumerar los hechos propuestos como incontrovertidos. Ver apéndice del *recurso de apelación*, pág. 285.
[10] *Íd.*
[11] Apéndice del *recurso de apelación*, pág. 455.

que: "[l]os querellantes están conformes con los balances informados por la AMA", juzgamos que también se sostiene tomarlo como incontrovertido, según lo hizo el foro apelado.

Dicho lo anterior, y por cuanto subsisten hechos medulares en controversia, determinamos que incidió el TPI al adjudicar la causa de acción presentada por la parte apelada, emitiendo la *Sentencia* apelada.

b.

Aunque lo anterior dispone del recurso presentado, valga una expresión sobre la solicitud de la AMA para que determinemos si a la parte apelada le asiste el derecho o no a reclamar tiempo extra bajo la Ley Núm. 26-2017, a pesar de estar constituida por empleados que no son unionados. Ya en el recurso de *Certiorari* (KLCE202200362) la AMA había esgrimido la misma interrogante, pero nos vimos obligados a no adjudicarla, por causa de la doctrina jurisprudencial que nos impide intervenir con determinaciones interlocutorias en el contexto de un caso conducido bajo el proceso sumario de la Ley Núm. 2-1961, *supra*. Ello comportó que este Tribunal de Apelaciones **no** realizara una determinación final en los méritos sobre el planteamiento que hoy reitera la AMA, de manera que subsiste. Pero, de igual forma, al hoy resolver que persisten hechos medulares en controversia que impiden la adjudicación de la causa de acción, tampoco quedamos colocados en posición de atender la interrogante de derecho aludida, en tanto pudiera tornar en una opinión consultiva. Es decir, si la parte apelada no lograra presentar prueba sobre los hechos medulares en controversia identificados, resultaría innecesaria una expresión de este Foro intermedio sobre el alcance de la Ley Núm. 26-2017, en los términos aquí presentados. En cualquier caso, si la parte apelada lograra probar los hechos medulares que a este momento hemos identificado que permanecen en controversia, subsistiría la controversia de derecho aludida, en tanto no la hemos resuelto en sus méritos.

**IV. Parte dispositiva**

Por los fundamentos expuestos, determinamos *Revocar* la *Sentencia* apelada. En consonancia, se ordena la devolución del caso al Tribunal de Primera Instancia para la continuación de los procesos de conformidad con lo aquí expuesto.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**IV. Parte dispositiva**